# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD CHASE, JR., | : | |
| Petitioner, | : | |
| v. | : | No. 4:18-CV-101 |
| SUPERINTENDENT, SCI-ALBION, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### DECEMBER 26, 2018

**I.     BACKGROUND**

Leonard Chase, Jr., an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Albion), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is the SCI-Albion Superintendent.

Chase states that he was convicted of five (5) counts of robbery and one (1) count of conspiracy following a jury trial in the Court of Common Pleas of York County, Pennsylvania. As a result of his conviction, Chase was sentenced to a thirty-five (35) to seventy (70) year aggregate term of imprisonment on June 27, 2011.

Following a direct appeal, Petitioner's conviction and sentence were affirmed by the Superior Court of Pennsylvania on December 20, 2012. Thereafter, Chase's petition for allocatur was denied by the Supreme Court of Pennsylvania on October 23, 2013.

Petitioner also states that he sought collateral relief with the state trial court via a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) which remains pending before the state trial court.[1] According to a submitted copy of the docket from the PCRA action, there have been no further proceedings since Petitioner's motion for appointment of counsel was granted on December 30, 2014. *See* Doc. 7-1. Chase's pending action claims entitlement to federal habeas corpus relief on the grounds that the evidence presented at trial was insufficient to sustain his robbery convictions. He raises additional claims including that the trial court issued improper special jury instructions; ineffective assistance of trial counsel; illegal sentence; and prosecutorial misconduct . Petitioner acknowledges that his pending habeas arguments were included in his still pending PCRA action.

---

[1] *See* 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

Following service of the Petition, Respondent filed a motion to stay or dismiss the petition as being prematurely filed. *See* Doc. 7. The motion is now ripe for consideration.

**II. DISCUSSION**

As discussed above, Petitioner acknowledges that his pending claims were included in his PCRA action. Chase argues here that because his PCRA petition has been pending before the state trial court for thirty-seven (37) months without any action being taken, his failure to exhaust state remedies should be excused on the basis of inordinate delay. The motion before the Court requests that this federal habeas corpus action be either stayed or dismissed as premature pending final disposition of Chase's state court PCRA petition. Chase has not filed a response to the motion.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless the applicant has exhausted the remedies available in the courts of the state; there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal

rights.

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court of the United States in *O'Sullivan* added that in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. *See id.* at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. *Evans*, 959 F.2d at 1230.

Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986). The Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and

unexhausted claims is presented, then the entire petition must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

In *Rhines v. Weber*, 544 U.S. 269 (2005) and *Crews v. Horn*, 360 F. 3d 146 (3d Cir. 2004), arguments were raised that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The Supreme Court in *Rhines* recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. *Rhines*, 544 U.S. at 277. The Third Circuit in *Crews* similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at p. 154 (internal citations omitted).

*Rhines* and *Crews* both contemplate that the initial federal petition must be timely filed. Respondent concedes that the pending federal petition is timely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. Respondent has requested a stay in this matter because this pending § 2254 action consists of claims that Chase raised via a PCRA which is still before the state trial court.

It is apparent to this Court that the Pennsylvania state courts should be granted initial opportunity to address the Petitioner's pending arguments. Clearly, Petitioner's PCRA action has been pending for a prolonged period in state court. However, Respondent asserts that Petitioner has failed to take any action whatsoever to promote or accelerate the disposition of his PCRA claims.

As in *Crews*, Chase should clearly not face the prospect of forfeiting federal court review of issues. In this regard, there is no clear indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. That said, it also appears that he has not diligently pursued PCRA relief.

Based upon the above considerations, it is the determination of this Court that the prudent course of action is to allow limited, additional time for disposition of the pending PCRA action in state court. Recognizing that Chase may not have any additional time in which to file a new federal habeas petition after disposition of his pending state court petition if not granted a stay, *Crews* counsels in favor of a stay of litigation here while Petitioner completes state PCRA review of his pending federal claims. Accordingly, Respondent's motion for a stay will be granted.

## III. CONCLUSION

However, within thirty (30) days of disposition of Petitioner's state court PCRA proceedings regarding his pending federal claims, Chase will be required to file a written status report with this Court which includes a copy of the relevant state court disposition. Failure to timely file the required written status report will be deemed a failure to prosecute. Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted.

Alternatively, if Petitioner notifies this Court in writing that despite his attempt to obtain final disposition of his PCRA action, there has still been no action taken for six (6) months, this Court will consider excusing his non-exhaustion on the basis of inordinate delay. Until such time, this matter will be marked closed for administrative purposes.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge