# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD CHASE, JR., | No. 4:18-CV-00101 |
| Petitioner, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| SCI ALBION, *et al.*, | |
| Respondents. | |

## ORDER

### OCTOBER 29, 2021

Leonard Chase, Jr., a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence based upon constitutional violations that allegedly occurred during his trial.[1] In September 2021, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition, as Chase's claims are either procedurally defaulted or otherwise without merit.[2] Chase filed timely objections to this Report and Recommendation; those objections primarily relate to Chase's contention that he was improperly convicted of numerous counts of robbery.[3]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report

---

[1] Doc. 1.
[2] Doc. 17.
[3] Doc. 18.

or specified proposed findings or recommendations to which objection is made.'"[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] After reviewing the record, the Court finds no error in Magistrate Judge Carlson's conclusion that Chase's claims are either procedurally defaulted or without merit. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 17) is **ADOPTED**;

2. Chase's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[6] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).